IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1998 BMW 740iL, VIN WBAGJ8321WDM12921,
1997 MERCEDES BENZ SL500, VIN WDBFA67F9VF151748,
2000 DODGE RAM 1500, VIN 3B7HC13Y8YG118628, and
1992 BMW 850i, VIN WBAEG2316NCB74498,

      Defendants.

_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A. Paluch, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), states:

JURISDICTION AND VENUE

1.    The United States of America (the United States) has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based on violations of the narcotics provisions of 21 U.S.C. §§ 801 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.    Venue is proper under 21 U.S.C. § 881(j), and 28 U.S.C. § 1395, as defendant property is located, and all of the acts described herein occurred, in the District of Colorado.

## DEFENDANT PROPERTY

3.  Defendant property is more fully described as:

a.  A blue in color 1998 BMW 740iL, VIN WBAGJ8321WDM12921 ("defendant Blue BMW") seized on May 7, 2011, from Windsor James, a/k/a/ John E. Brown, at 1550 Server Drive in Colorado Springs, Colorado.  Upon information and belief, defendant Blue BMW is titled in the names of Windsor E. James and Mildred Brown, and is unencumbered.  Defendant Blue BMW is currently being held by the United States Marshals Service in Denver, Colorado.

b.  A black in color, 1997 Mercedes Benz SL500, VIN WDBFA67F9VF151748 ("defendant Mercedes Benz"), seized on May 7, 2011, from Windsor James, a/k/a/ John E. Brown, at 1550 Server Drive in Colorado Springs, Colorado.  Upon information and belief, defendant Mercedes Benz is titled in the names of Windsor James and Mildred M. Brown, and is unencumbered.  Defendant Mercedes Benz is currently being held by the United States Marshals Service in Denver, Colorado.

c.  A black in color, 2000 Dodge Ram 1500 pickup truck, VIN 3B7HC13Y8YG118628 ("defendant Dodge Ram") seized on May 7, 2011, from Windsor James, a/k/a John E. Brown, at 2725 Janitell Road in Colorado Springs, Colorado.  Upon information and belief, defendant Dodge Ram is titled in the name of Mildred M. Brown, and is unencumbered.  Defendant Dodge Ram is currently being held by the United States Marshals Service in Denver, Colorado.

d.  A white in color, 1992 BMW 850i, VIN WBAEG2316NCB74498 ("defendant White BMW"), seized on May 7, 2011, from Windsor James, a/k/a John E. Brown, at 309 Arrawanna Street, Suite D, in Colorado Springs, Colorado.  Upon

information and belief, defendant White BMW is titled in the name of Windsor James, and is unencumbered. Defendant White BMW is currently being held by the United States Marshals Service in Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

4. Except as otherwise noted, all of the following facts and information have been discovered through my own investigation, and the observations and investigations of fellow law enforcement officers as reported to me.

5. In January 2011, the Colorado Springs, Colorado Police Department (CSPD) received information from a previously reliable confidential informant (CI) regarding an individual who was distributing powder and rock cocaine, methamphetamine, and marijuana in the Colorado Springs, Colorado area. According to the CI, a person known to the CI as "Windsor James" had been selling powder cocaine and methamphetamine to the CI from Windsor's business located at 309 Arrawana Street, #D in Colorado Springs. The CI also claimed to have seen a marijuana grow operation at the business on several occasions, and stated that "Windsor" uses the shop as a hub from which to run his narcotics distribution operation. The CI explained that when the CI wanted to purchase narcotics, the CI would call "Windsor," place an order for a certain amount of narcotics, negotiate the price, and then go pick up the narcotics at "Windsor's" Arrawana Street shop.

6. The CI further stated that "Windsor" regularly drove a blue BMW (defendant "Blue BMW"), and that the CI had been purchasing narcotics from "Windsor" for approximately six months. When presented with the Colorado driver's license

photograph of "Windsor James," the CI positively identified the picture as the "Windsor" from whom the CI was purchasing narcotics.

7.  Upon further investigation, it was determined that Windsor James is an alias for John Edward Brown.[1]  It was further determined that John Edward Brown a/k/a Windsor James (hereinafter "Windsor"), was the owner of Paramount Seamless Gutters Inc., located at the aforementioned Arrawanna Street address.

8.  On January 19, 2011, the CI placed a recorded phone call to Windsor, asking to purchase ¼ ounce of powdered cocaine for $350.00.  Windsor told the CI to come to the shop later that night to make the exchange.  At approximately 10:00 p.m. that evening, the CI entered the shop with $350.00 (pre-recorded official funds), and then exited a few minutes later carrying a knotted, clear plastic baggie containing approximately 8 grams of cocaine.  Surveillance officers noted that defendant Dodge Ram, listed to Mildred Brown, was parked next to the front door of the shop during this time.

9.  On January 26, 2011, the CI placed another monitored phone call to Windsor to make arrangements for the purchase of ¼ ounce of cocaine by a CSPD officer acting in an undercover capacity (UC).  Windsor agreed to sell the UC ¼ ounce of cocaine for $350.00 later that evening.  Shortly before the UC contacted Windsor, surveillance officers observed defendant Mercedes Benz parked next to the Arrawanna shop.  The UC then called Windsor and made arrangements to meet with Windsor at a nearby Walgreens Pharmacy.  Officers followed Windsor, driving defendant Mercedes

---

[1] Investigation revealed that the individual known to the CI as Windsor James is associated with at least five different dates of birth, five different Social Security Numbers, and seven different names, including John Edward Brown, Windsor E. James, James E. Windsor, and other variations of all three names. According to law enforcement records, it appears John Edward Brown began using the name Windsor E. James, a/k/a James E. Windsor in approximately 1982.

4

Benz, to the Walgreens where he met with the UC and exchanged a knotted clear plastic baggie containing approximately 8.27 grams of cocaine for $350.00 (pre-recorded official funds). After telling the UC that he could get anything the UC wanted, that it would be weighed right and good quality, Windsor left the area in defendant Mercedes Benz. Surveillance officers noted that Windsor drove in a random manner clearly intended to eliminate the possibility of surveillance.

10. On February 5, 2011, the UC contacted Windsor to arrange for the purchase of ½ ounce of cocaine for $600.00 later that evening. Windsor later called the UC and told the UC to meet him at the Arrawanna Street shop. When the UC arrived at the shop, he observed defendant Blue BMW parked outside, and an overwhelming odor of marijuana throughout the interior of the shop. The UC observed Windsor standing at a small desk in one corner of the room, placing amounts of white powdery substance in clear plastic baggies and tying them into knots, in the same manner as the two previous controlled buys. Windsor handed the UC one of the baggies, which contained approximately 15.5 grams of cocaine, and then told the UC to put the $600.00 (pre-recorded official funds) into the bottom right drawer of the desk. Windsor also handed the UC a digital scale and told the UC to weigh the baggie of cocaine the UC had just purchased, before leaving.

11. On February 15, 2011, law enforcement established surveillance near Windsor's Arrawanna Street shop, and observed numerous vehicles park in front of the shop, the vehicles' occupants go inside for a very short time, and then leave. Officers also observed Windsor come out several times to meet with the occupants of vehicles in the parking lot for a short time before those vehicles left. After Windsor met with the

occupant of one vehicle, officers followed that vehicle for a short time before it was stopped on a traffic violation. One of the occupants, Kelly Harp, was known to law enforcement as a convicted felon and substantial drug offender in the Colorado Springs area. Officers recovered an amount of marijuana from Harp's pocket.

12. Also on February 15, 2011, the UC contacted Windsor and arranged to purchase one ounce of cocaine for $1,100.00. The UC was instructed to meet Windsor at the Arrawanna Street shop; however, when the UC arrived, Windsor told him his son was at the shop, so he would have to meet the UC at a nearby WalMart. When Windsor arrived at the WalMart in defendant Blue BMW, he told the UC he had seen a suspicious vehicle in the area of his shop, and was worried he might be under surveillance. Windsor asked the UC to follow him to another location. The UC followed Windsor's Blue BMW to a small shopping strip, where Windsor handed the UC approximately 29.95 grams of cocaine inside a knotted plastic baggie in exchange for $1,100.00 (pre-recorded official funds).

13. Shortly after Windsor left the area, the UC called Windsor and asked about the possibility of purchasing larger amounts of cocaine, such as ¼ pound. Windsor told the UC that it would not be a problem, but that he would need a day advance notice to go pick up the product.

14. On March 4, 2011, the UC contacted Windsor to arrange for the purchase of an ounce of cocaine for $1,100.00; Windsor asked the UC to meet him at a 7-11 store located at 525 N. Union Boulevard, Colorado Springs, Colorado. When the UC arrived at the meet location, Windsor got into the UC's vehicle and handed the UC approximately 29.2 grams of cocaine inside a knotted plastic baggie in exchange for

$1,100.00 (pre-recorded official funds). Windsor then got into defendant blue BMW and left the area; surveillance officers noted that Windsor drove in a random manner clearly intended to eliminate the possibility of surveillance.

15. On May 6, 2011, the UC contacted Windsor and asked about purchasing ¼ pound of cocaine for $4,800.00. Windsor told the UC that it would not be a problem, as he normally gets ½ kilogram at a time, and that he would be able to deliver the UC's ¼ pound the next day.

16. On May 7, 2011, Windsor contacted the UC and told him that he could only sell three ounces, for $3,600.00, and that he would meet the UC at the Kohl's parking lot located at 2725 Janitell Road, Colorado Springs, Colorado. Windsor arrived at the meet location driving defendant Dodge Ram, then got into the UC's vehicle to make the exchange. After Windsor handed the UC a knotted baggie containing 86 grams of cocaine, the UC gave a pre-arranged arrest signal for nearby officers. Windsor was taken into custody, and transported to the Colorado Springs Police Department.

17. Defendant Dodge Ram was searched incident to arrest, whereupon officers found a brown leather satchel which contained approximately 17 grams of cocaine inside a small baggie; approximately 76 grams of marijuana, a digital scale, and additional small plastic baggies commonly used for narcotics distribution.

18. Also on May 7, 2011, law enforcement executed a state Search Warrant at Windsor's Arrawanna Street shop. Upon execution, officers immediately noted an extremely strong odor of raw marijuana, and subsequently found a small marijuana grow inside a large tent set up in the shop's open-bay style workshop area. The tent

contained eight six to eight feet high marijuana plants, four with fully flowering buds, and four that had not yet reached the maturity stage. Defendant White BMW was parked in the middle of the open bay area. Inside defendant White BMW, officers observed three small plastic baggies, including one with a Batman design on it, and one with a green alien design on it.

19.     Officers executed a second state Search Warrant at Windsor's residence, 1550 Server Drive in Colorado Springs, Colorado. During execution, officers found a total of approximately 154 grams of marijuana, along with various items of drug paraphernalia located throughout the residence, and a Derringer 38 caliber pistol. In the garage of the residence, officers found defendant Mercedes Benz. In defendant Blue BMW, parked next to the residence, officers found .3 grams of cocaine inside a small baggie with a Batman design.

20.     Based in part on the facts contained herein, John Edward Brown a/k/a Windsor James was charged in El Paso County, Colorado, with four counts of Distribution of a Controlled Substance, Possession of a Controlled Substance with Intent to Distribute, Marijuana Cultivation, and Possession with Intent to Distribute Marijuana (Criminal Case No. 2011CR1561).

21.     Although she is on title to three of the four defendant vehicles, during the entirety of this investigation, Mildred Brown, the wife of Windsor, was never seen by law enforcement officers driving any of the defendant vehicles; she was only observed driving a fifth vehicle, a white Volvo, believed to be owned by her.

22.     A check of Colorado Department of Labor records for all of the Social Security Numbers used by John Edward Brown a/k/a Windsor James revealed no

significant reported wages for at least the last five years. Department of Labor records indicated that his wife, Mildred Brown, has been employed at Mastercuts since 2006, and has made an average of only approximately $28,492.00 per year during that time. Based upon the investigation conducted, it appears as though neither John Edward Brown a/k/a Windsor James, nor Mildred Brown, have enough legitimate income to substantiate the ownership of five vehicles, two of which were purchased just within the last year.

23. A check of criminal records revealed that John Edward Brown a/k/a Windsor James has a significant criminal history dating back to at least 1982, including three drug convictions.

24. In summary, John Edward Brown a/k/a Windsor James has been involved in illegal drug trafficking activities, and utilized the defendant vehicles in those illegal activities, since at least November 2010. Furthermore, it appears that Windsor and his wife, Mildred Brown, have not had significant legal income to substantiate ownership of the defendant vehicles. Accordingly, the defendant vehicles are forfeitable as property used, or intended to be used, as a container for controlled substances, pursuant to 21 U.S.C. § 881(a)(3); as vehicles used, and intended to be used, to transport, and in any manner to facilitate the transportation, sale, receipt, possession, and concealment, of controlled substances, pursuant to 21 U.S.C. § 881(a)(4); and as property used or intended to be used to facilitate illegal drug trafficking, pursuant to 21 U.S.C. § 881(a)(6).

25. The facts set forth above are not all of the facts known to the investigation, but are sufficient to establish probable cause to believe the defendant property is subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(3), (a)(4), and (a)(6).

### VERIFICATION OF TASK FORCE OFFICER TRACEY THOMPSON
### DRUG ENFORCEMENT ADMINISTRATION

I, DEA Task Force Officer Tracey Thompson, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein is true, to the best of my information and belief.

s/ *Tracey Thompson*
Tracey Thompson, Task Force Officer
Drug Enforcement Administration

STATE OF COLORADO   )
CITY AND            )ss.
COUNTY OF DENVER    )

The foregoing VERIFIED COMPLAINT FOR FORFEITURE *IN REM* was subscribed before me this 18th day of November, 2011, by Tracey Thompson, Drug Enforcement Administration Task Force Officer.

My Commission Expires: 1/12/15       s/ *D.J. Williams*
Notary Public, State of Colorado

### FIRST CLAIM FOR RELIEF

26. The Plaintiff repeats and incorporates by reference the paragraphs above.

27. By the foregoing and other acts, defendant Blue BMW was used, or intended to be used, as a container for controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(3).

## SECOND CLAIM FOR RELIEF

28. The Plaintiff repeats and incorporates by reference the paragraphs above.

29. By the foregoing and other acts, defendant Blue BMW constitutes a vehicle used, and intended to be used, to transport, and in any manner to facilitate the transportation, sale, receipt, possession, and concealment, of controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4).

## THIRD CLAIM FOR RELIEF

30. The Plaintiff repeats and incorporates by reference the paragraphs above.

31. By the foregoing and other acts, defendant Mercedes Benz was used, or intended to be used, as a container for controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(3).

## FOURTH CLAIM FOR RELIEF

32. The Plaintiff repeats and incorporates by reference the paragraphs above.

33. By the foregoing and other acts, defendant Mercedes Benz constitutes a vehicle used, and intended to be used, to transport, and in any manner to facilitate the transportation, sale, receipt, possession, and concealment, of controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4).

## FIFTH CLAIM FOR RELIEF

34. The Plaintiff repeats and incorporates by reference the paragraphs above.

35. By the foregoing and other acts, defendant Mercedes Benz constitutes proceeds traceable to exchanges for controlled substances in violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SIXTH CLAIM FOR RELIEF

36. The Plaintiff repeats and incorporates by reference the paragraphs above.

37. By the foregoing and other acts, defendant Dodge Ram was used, or intended to be used, as a container for controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(3).

## SEVENTH CLAIM FOR RELIEF

38. The Plaintiff repeats and incorporates by reference the paragraphs above.

39. By the foregoing and other acts, defendant Dodge Ram constitutes a vehicle used, and intended to be used, to transport, and in any manner to facilitate the transportation, sale, receipt, possession, and concealment, of controlled substances in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4).

## EIGHTH CLAIM FOR RELIEF

40. The Plaintiff repeats and incorporates by reference the paragraphs above.

41. By the foregoing and other acts, defendant White BMW constitutes proceeds traceable to exchanges for controlled substances in violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 18th day of November, 2011.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By: s/ Martha A. Paluch
Martha A. Paluch
Assistant United States Attorney
1225 Seventeenth Street, Ste. 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: martha.paluch@usdoj.gov
*Attorney for Plaintiff*