IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03020-WYD

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

1998 BMW 740iL, VIN WBAGJ8321WDM12921,
1997 MERCEDES BENZ SL500, VIN WDBFA67F9VF151748,
2000 DODGE RAM 1500, VIN 3B7HC13Y8YG118628, and
1992 BMW 850I, VIN WBAEG2316NCB74498

        Defendants.

---

VERIFIED ANSWER OF CLAIMANT MILDRED M. BROWN TO VERIFIED
COMPLAINT FOR FORFEITURE *IN REM*

---

COMES NOW Mildred M. Brown (hereinafter "Claimant") by and through her attorney of record, Philip W. Ogden, and files this her Answer to the Verified Complaint for Forfeiture *In Rem*, as follows:

1. Claimant admits paragraphs 1, and 2.

2. With respect to Paragraph 3.a., Claimant admits that on May 7, 2011, while Claimant was at work, unknown law enforcement officers seized the blue 1998 BMW 740iL, VIN WBAGJ8321WDM12921 (hereinafter "blue BMW"), from the Claimant's home located at 1550 Server Drive, Colorado Springs, CO. On May 7, 2011, the blue BMW was titled of record in the State of Colorado under the name of Windsor E. James and Mildred M. Brown. The blue BMW is unencumbered. Claimant asserts however that she holds full equitable title to said blue BMW, because the blue BMW

was purchased by Claimant entirely with her own funds. On information and belief, Claimant believes the blue BMW is currently being held by the United States Marshals Service in Denver, Colorado. Claimant denies the remainder of the averments set forth in Paragraph 3.a. of the Verified Complaint.

3. With respect to Paragraph 3.b., Claimant admits that on May 7, 2011, while Claimant was at work, unknown law enforcement officers seized the 1997 Mercedes Benz SL500, VIN WDBFA67F9VF151748 (hereinafter "Mercedes Benz"), from the Claimant's home located at 1550 Server Drive, Colorado Springs, CO. On May 7, 2011, the Mercedes Benz was titled of record in the State of Colorado in the name of Windsor E. James and Mildred M. Brown. Said Mercedes Benz is unencumbered. Claimant asserts however that she is, and since December 8, 2010, has been the sole title holder to said Mercedes Benz by virtue of an unrecorded Texas Bill of Sale dated December 8, 2010, a copy of which accompanies this Answer as Exhibit A. Further Claimant asserts that she holds full equitable title to said Mercedes Benz, because the Mercedes Benz was purchased by Claimant entirely with her own funds. On information and belief, Claimant believes the Mercedes Benz is currently being held by the United States Marshals Service in Denver, Colorado. Claimant denies the remainder of the averments set forth in Paragraph 3.b. of the Verified Complaint.

4. With respect to Paragraph 3.c., Claimant admits that on May 7, 2011, while Claimant was at work, unknown law enforcement officers seized the 2000 Dodge Ram 1500 pickup truck, VIN 3B7HC13Y8YG118628 (hereinafter "Dodge Ram"), from a location unknown to the Claimant. On May 7, 2011, the Dodge Ram was titled of record

in the State of Colorado solely in the name of Mildred M. Brown. Said Dodge Ram is unencumbered. Claimant asserts that she holds full equitable title to said Dodge Ram, because the Dodge Ram was purchased by Claimant entirely with her own funds. On information and belief, Claimant believes the Dodge Ram is currently being held by the United States Marshals Service in Denver, Colorado. Claimant denies the remainder of the averments set forth in Paragraph 3.c. of the Verified Complaint.

5. With respect to Paragraph 3.d., Claimant admits that on May 7, 2011, while Claimant was at work, unknown law enforcement officers seized the white 1992 BMW 850i, VIN WBAEG2316NCB74498 (hereinafter "white BMW"), from a location unknown to the Claimant. However, on information and belief, Claimant believes the white BMW was seized at 309 Arrawanna Street, Suite D, in Colorado Springs, Colorado. On May 7, 2011, the white BMW was titled of record in the State of Colorado solely in the name of Windsor E. James. Said white BMW is unencumbered. Claimant asserts however that she holds full equitable title to said white BMW, because the white BMW was purchased by Claimant entirely with her own funds. On information and belief, Claimant believes the white BMW is currently being held by the United States Marshals Service in Denver, Colorado. Claimant denies the remainder of the averments set forth in Paragraph 3.d. of the Verified Complaint.

6. With respect to Paragraph 4, 5, and 6, Claimant is without sufficient information to admit the allegations set forth in said paragraphs of the Verified Complaint and so denies the averments contained therein. With respect to Paragraph 5, Claimant in an exercise of candor states to the Court and the Government that she is

aware that Windsor E. James is the owner of Paramount Seamless Rain Gutters, Inc. Claimant believes that she is technically listed as an owner of the business. However, other than paying the annual registration fee in the amount of $10.00, Claimant has nothing to do with, or knowledge about, the business operations of Paramount Seamless Rain Gutters, Inc. Claimant further states that commencing January 2010, she has held a prescription from a doctor for use of Marijuana. Further, since May 23, 2011, she and, to the best of her knowledge, Windsor E. James have each held State of Colorado Marijuana Licenses to possess, grow and personally use Marijuana -- 6 plants each. Claimant has never authorized, and has no knowledge about, the illegal distribution of marijuana by Windsor E. James. Claimant has no knowledge concerning a narcotics distribution operation, if any, run by Windsor E. James. With respect to Paragraph 6, Claimant admits that she occasionally allowed Windsor E. James to drive her blue BMW, but did not authorize him to utilize the same to commit any crimes. Claimant is without any knowledge that Windsor E. James utilized her blue BMW to commit any crimes.

    7.    With respect to Paragraph 7 of the Verified Complaint, Claimant is without sufficient information to admit the allegations set forth in said paragraph of the Verified Complaint and so denies the averments contained therein. Claimant has only known Windsor E. James by that name. She has heard Windsor E. James occasionally referred to as James E. Windsor and she knows that his driver's license got messed up on one occasion. Other than that, Claimant has no knowledge about the aliases and birth dates allegedly used by Windsor E. James.

8.     With respect to Paragraph 8, Claimant admits that she occasionally allowed Windsor E. James to drive her Dodge Ram, but did not authorize him to utilize the same to commit any crimes. Claimant is without any knowledge that Windsor E. James utilized her Dodge Ram to commit any crimes. Otherwise, Claimant is without sufficient information to admit the averments of paragraph 8 and so denies the averments contained therein.

9.     With respect to Paragraph 9, Claimant admits that she occasionally allowed Windsor E. James to drive her Mercedes Benz, but did not authorize him to utilize the same to commit any crimes. Claimant is without any knowledge that Windsor E. James utilized her Mercedes Benz to commit any crimes. Otherwise, Claimant is without sufficient information to admit the averments of paragraph 9 and so denies the averments contained therein.

10.    With respect to Paragraph 10, Claimant admits that she occasionally allowed Windsor E. James to drive her blue BMW, but did not authorize him to utilize the same to commit any crimes. Claimant is without any knowledge that Windsor E. James utilized her blue BMW to commit any crimes. Otherwise, Claimant is without sufficient information to admit the averments of paragraph 9 and so denies the averments contained therein.

11.    Claimant is without sufficient information to admit the averments of paragraph 11 and so denies the averments contained therein.

12.    With respect to Paragraph 12, Claimant admits that she occasionally allowed Windsor E. James to drive her blue BMW, but did not authorize him to utilize

the same to commit any crimes. Claimant is without any knowledge that Windsor E. James utilized her blue BMW to commit any crimes. Otherwise, Claimant is without sufficient information to admit the averments of paragraph 12 and so denies the averments contained therein.

13. Claimant is without sufficient information to admit the averments of paragraph 13 and so denies the averments contained therein.

14. With respect to Paragraph 14, Claimant admits that she occasionally allowed Windsor E. James to drive her blue BMW, but did not authorize him to utilize the same to commit any crimes. Claimant is without any knowledge that Windsor E. James utilized her blue BMW to commit any crimes. Otherwise, Claimant is without sufficient information to admit the averments of paragraph 14 and so denies the averments contained therein.

15. Claimant is without sufficient information to admit the averments of paragraph 15 and so denies the averments contained therein.

16. With respect to Paragraph 16, Claimant admits that she occasionally allowed Windsor E. James to drive her Dodge Ram, but did not authorize him to utilize the same to commit any crimes. Claimant is without any knowledge that Windsor E. James utilized her Dodge Ram to commit any crimes. Otherwise, Claimant is without sufficient information to admit the averments of paragraph 16 and so denies the averments contained therein.

17. With respect to Paragraph 17, Claimant admits that she occasionally allowed Windsor E. James to drive her Dodge Ram, but did not authorize him to utilize

the same to commit any crimes. Claimant is without any knowledge that Windsor E. James utilized her Dodge Ram to commit any crimes. Otherwise, Claimant is without sufficient information to admit the averments of paragraph 17 and so denies the averments contained therein.

18. With respect to Paragraph 18, Claimant is without sufficient information to admit the allegations set forth in said paragraphs of the Verified Complaint and so denies the averments contained therein. Claimant in an exercise of candor states to the Court and the Government that she is aware that Windsor E. James is the owner of Paramount Seamless Rain Gutters, Inc. Claimant believes that she is technically listed as an owner of the business. However, other than paying the annual registration fee in the amount of $10.00, Claimant has nothing to do with, or knowledge about, the business operations of Paramount Seamless Rain Gutters, Inc. Claimant further states that commencing January 2010, she has held a prescription from a doctor for use of Marijuana. Further, since May 23, 2011, she and, to the best of her knowledge, Windsor E. James have each held State of Colorado Marijuana Licenses to possess, grow and personally use Marijuana -- 6 plants each. Claimant has never authorized, and has no knowledge about, the illegal distribution of marijuana by Windsor E. James. Claimant admits that she occasionally allowed Windsor E. James to drive her white BMW, but did not authorize him to utilize the same to commit any crimes. Claimant is without any knowledge that Windsor E. James utilized her white BMW to commit any crimes.

19. With regard to Paragraph 19 of the Verified Complaint, Claimant admits that she maintained a small amount of marijuana in her bedroom, but has no knowledge of any other marijuana found within 1500 Server Drive. Claimant admits she possessed some cigarette paper and a grinder to grind the Marijuana she personally used. Claimant admits that for an extended period of time she has allowed a friend to store the Derringer pistol at 1500 Server Drive. Frankly, Claimant had forgotten that the Derringer pistol was on the premises. Claimant states that she is without sufficient information to admit the remaining allegations contained in Paragraph 19 and so denies the remainder of the averments.

20. Claimant is without sufficient information to admit the averments of paragraph 20 and so denies the averments contained therein.

21. With regard to Paragraph 21 of the Verified Complaint, Claimant admits that she also owns a white Volvo. Claimant states that upon purchasing it, she often drove her Mercedes Benz. Claimant much less often drove her other vehicles. Claimant asserts that she is the record title holder of the Dodge Ram. She is the sole title holder of the Mercedes Benz and she is a 1/2 record title holder and full equitable owner of the Blue BMW and she is the full equitable owner of the White BMW. Claimant states that she is without sufficient information to admit the remaining allegations contained in Paragraph 21 and so denies the remainder of the averments.

22. With regard to Paragraph 22 of the Verified Complaint, Claimant denies that she works for a company called Mastercuts unless they are doing business as Costcutters. Claimant states that she works for Costcutters and has been so employed

since May 28, 1991. Claimant admits that her income from that source averages at least $28,492.00 per year. Claimant also gets income from her two rental homes which averages approximately $2,325.00 per month. Claimant nets approximately $600.00 per month after payment of mortgages and expenses. Claimant received approximately $32,000.00 in about 2000 from an inheritance and she received substantial money from three refinances of her homes. Claimant also received substantial funds from the sales of two vehicles in 2010 and 2011. Claimant had sufficient funds with which to purchase these vehicles. From the mid 1990's to 2004 Claimant further shows that she was separated from Windsor E. James. During that time, Claimant is generally aware that Windsor E. James was in prison for an unknown period of time. The Parties were talking to each other in 2004 and in 2005 Windsor E. James moved from Boston to Colorado Springs. Upon his return to Colorado Springs, the Parties never merged their financial affairs. Claimant has not relied upon Windsor E. James for her support. Claimant understood that Windsor E. James was supporting himself through his gutter company. Claimant was only generally aware that Windsor E. James would offset his income with his business expenses. Claimant is without sufficient information to know anything about Windsor E. James' income.

23. With regard to Paragraph 23 of the Verified Complaint, Claimant admits that she is generally aware that Windsor E. James was incarcerated for a period of time in the late 1990s or early 2000's. She is also generally aware that Windsor E. James was in trouble in the 1980s and 1990s with the law for drug useage. Claimant is unaware however of the specifics of any of his convictions.

24. Claimant denies the averments of Paragraph 24 of the Verified Complaint.

25. Excepts as admitted in the foregoing paragraphs, Claimant denies the averments set forth in Paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, and 41 of the Verified Complaint for Forfeiture In Rem.

WHEREFORE, Claimant moves the Court for entry of a final order --

a. denying the Governments Complaint requesting forfeiture of the defendant property in favor of the United States and requesting authority to dispose of the defendant property;

b. granting her sole legal and equitable title to the Defendant Property;

c. ordering the Government immediately to surrender the Defendant property to the Claimant; and

d. granting Claimant her reasonable attorney fees and her costs for defense of this action as may be allowed by statute or court rule.

RESPECTFULLY SUBMITTED, this 5th day of December, 2011.

*S/ Philip W. Ogden*

PHILIP W. OGDEN, #12098
Attorney at Law
219 East Vermijo Avenue
Colorado Springs, CO 80903
Telephone: 719/635-8115
FAX: 719/635-1248
E-mail: Phil@ColoradoSpringsLaw.net
Attorney for Claimant Mildred M. Brown

STATE OF COLORADO   )
                   ) SS/
COUNTY OF EL PASO   )

THIS ANSWER IS SWORN TO and subscribed before me under penalty of perjury, this 5th day of December, 2011, by Mildred M. Brown.

_____
MILDRED M. BROWN, CLAIMANT

Witness my hand and seal

My commission expires: 2-4-2013

_____
NOTARY PUBLIC
219 East Vermijo Avenue
Colorado Springs, CO 80903

CRYSTAL A REVELL
NOTARY PUBLIC
STATE OF COLORADO
MY COMMISSION EXPIRES 2-4-13

### CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses: martha.paluch@usdoj.gov

And I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name: Mark B. Menscher, Esq., 19 North Tejon Street, Suite 204, Colorado Springs, CO 80903, Attorney for John Edward Brown a/k/a Windsor Edward James.

s/Philip W. Ogden
PHILIP W. OGDEN
Attorney at Law
219 East Vermijo Avenue
Colorado Springs, CO 80903
Telephone: 719/635-8115
FAX: 719/635-1248
E-mail: Phil@ColoradoSpringsLaw.net
Attorney for Claimant Mildred M. Brown