IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03020-WYD-BNB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1998 BMW 740iL, VIN WBAGJ8321WDM12921,
1997 MERCEDES BENZ SL500, VIN WDBFA67F9VF151748,
2000 DODGE RAM 1500, VIN 3B7HC13Y8YG118628, and
1992 BMW 850i, VIN WBAEG2316NCB74498,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Date and Time of Conference:    May 15, 2012 at 1:30 p.m.

Appearances:

| | |
|---|---|
| United States: | Martha A. Paluch<br>Assistant United States Attorney<br>1225 17th Street, Suite 700<br>Denver, Colorado 80202<br>Telephone: (303) 454-0100<br>E-mail: martha.paluch@usdoj.gov |
| Claimant Mildred Brown | Philip W. Ogden, Esq.<br>219 East Vermijo Avenue<br>Colorado Springs, Colorado 80903<br>Telephone: (719) 635-8115<br>E-mail: phil@coloradospringslaw.net |

## 2. STATEMENT OF JURISDICTION

The United States alleges this Court has jurisdiction in this case pursuant to 28 U.S.C. §§ 1345 and 1355(a).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff:

The United States seeks forfeiture of the defendant vehicles pursuant to 18 U.S.C. § 881(a)(3), as being used, or intended to be used, as a container for controlled substances in violation of 21 U.S.C. § 801, et seq.; pursuant to 18 U.S.C. § 881(a)(4), as vehicles used, and intended to be used, to transport, and in any manner to facilitate the transportation, sale, receipt, possession, and concealment, of controlled substances in violation of 21 U.S.C. § 801, et seq.; and pursuant to 21 U.S.C. § 881(a)(6), as property constituting proceeds traceable to exchanges for controlled substances in violation of 21 U.S.C. § 801 et seq.

b.      Defenses and Claims of Claimant Mildred Brown:

~~Mildred Brown has set forth her claims and defenses in detail in her Verified Answer of Claimant Mildred M. Brown to Verified Complaint for Forfeiture in Rem dated December 5, 2011.~~

In summary, with respect to each defendant vehicle, Claimant Mildred Brown claims that she is the innocent spouse of Windsor E. James and that she had no knowledge that any of the Defendant vehicles were utilized in the commission of any crime.  Claimant Mildred Brown denies that she ever authorized Windsor E. James to utilize any of said vehicles in the commission of any crime.  Claimant Mildred Brown denies ever being in possession of sufficient facts to cause her to suspect that Windsor E. James was utilizing any of said Defendant vehicles

in the commission of any crime. Had Claimant Mildred Brown suspected the Windsor E. James was utilizing said Defendant vehicles to commit crimes she would have investigated and if the facts proved true, she would have prevented Windsor E. James from utilizing her vehicles for any illegal purpose. However, as an innocent spouse, Claimant Mildred Brown is entitled to an Order denying the Government's request to forfeit said Defendant vehicles and for an Order requiring return of all of her vehicles to her.

With respect to the blue 1998 BMW 740iL, VIN WBAGJ8321WDM12921 (hereinafter "blue BMW"), Claimant Mildred Brown asserts that she is the full equitable title holder to said blue BMW, although the record title is in the name of Windsor E. James. This is so, because the blue BMW was purchased by Claimant Mildred Brown entirely with her own funds.

With respect to the 1997 Mercedes Benz SL500, VIN WDBFA67F9VF151748, (hereinafter "Mercedes Benz"), Claimant Mildred Brown asserts that she is the full equitable title holder to said Mercedes Benz, although the record title is in both her name and the name of Windsor E. James. This is so, because she holds an unrecorded Texas Bill of Sale dated December 8, 2010, from Windsor E. James and because the Mercedes Benz was purchased by claimant entirely with her own funds.

With respect to the 2000 Dodge Ram 1500 pickup truck, VIN 3B7HC13Y8YG118628 (hereinafter "Dodge Ram"), Claimant Mildred Brown asserts that she is the full record title holder and equitable title holder of said Dodge Ram. This is so, because the Dodge Ram was purchased by Claimant Mildred Brown entirely with her own funds.

With respect to the white 1992 BMW 850i, VIN WBAEG2316NCB74498 (hereinafter "white BMW"), Claimant Mildred Brown asserts that she is the full equitable title holder to said

white BMW, although the record title is in the name of Windsor E. James. This is so, because the white BMW was purchased by Claimant Mildred Brown entirely with her own funds.

Claimant asserts that she had sufficient funds with which to purchase said vehicles. The sources of her funds are 1.) employment, 2.) rental income, 3.) inheritance money, 4.) money received from refinancing real property, and 5.) money received from the sale of two vehicles.

Claimant Mildred Brown requests an award of her reasonable attorney fees and costs in defense of this action.

### 4. UNDISPUTED FACTS

The only facts that can be considered undisputed at this time are the statements regarding jurisdiction and venue, and the general description of the defendant property.

### 5. COMPUTATION OF DAMAGES

a. The relief sought by the United States is an Order of Forfeiture forfeiting defendant property to the United States, to be disposed of in accordance with law.

b. The relief sought by Claimant Brown is an order denying the relief requested by Plaintiff, entering judgment in favor of Claimant Brown, and entering an order for the return of the defendant property.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting:

The Rule 26(f) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii). Nevertheless, Counsel for the United States and Claimant Mildred Brown conferred regarding this case on May 8, 2012.

  b. Names of participants and party they represented:

  Assistant United States Attorney Martha A. Paluch represented the United States;

  Philip Ogden represented Mildred Brown.

  c. Statement as to when Rule 26(a)(1) disclosures were made or will be made:

  Rule 26(a)(1) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

  d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

  The Rule 26(a)(1) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

  e. The parties agree to conduct informal discovery, by exchanging documents and continued settlement discussions. There is no agreement for joint interview of potential witnesses.

  f. The parties agree to reduce discovery and litigation costs by the use of a unified exhibit numbering system.

  g. The parties agree that there will not be a significant amount of electronically stored information.

  h. The United States certifies pursuant to Fed.R.Civ.P 26(f), that it has made an offer of settlement in this case.

### 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a. Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules:

~~Each party~~ **The United States and the Claimant** will **each** be limited to four (4) depositions.  **The United States and the Claimant may each serve no more than 25 interrogatories, including discrete subparts.**  ~~The parties agree that the presumptive number of 25 interrogatories each party may serve on any other party is sufficient~~.

b. Any limits which any party wishes to propose on the length of depositions:

Each deposition will be limited to one day of four (4) hours.

c. Limitations which any party proposes on the number of requests for production of documents and/or requests for admissions:

**The United States and the Claimant may each serve no more than 25 requests for production and 25 requests for admissions.**  ~~The parties agree that the presumptive number of 25 requests for production of documents and 50 requests for admissions is sufficient.~~

d. Other Planning or Discovery Orders:

None.

## 9.  CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **June 29, 2012** ~~July 17, 2012.~~

b. Discovery Cut-off: October 9, 2012

c. Dispositive Motion Deadline: November 9, 2012

      d. ~~Expert Witness Disclosure: July 17, 2012~~

          (1)    State anticipated fields of expert testimony, if any:

          For the United States: Expert testimony as to drug trafficking practices and procedures.

          (2)    State any limitations proposed on the use or number of expert witnesses: **The United States and the Claimant may each designate no more than one specially retained expert.**

          ~~None~~

          (3)    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 17, 2012.

          (4)    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 17, 2012.

      e.    Identification of Persons to be Deposed:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
| --- | --- | --- | --- |
| Mildred Brown | August 20, 2012 | 9:00 a.m. | 4 hours |
| Windsor James | August 21, 2012 | 9:00 a.m. | 4 hours |
| Kelly Harp | August 22, 2012 | 1:00 p.m. | 4 hours |

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |

f.	Deadline for Interrogatories:  **All written discovery must be served so that responses are due on or before the discovery cut-off.**  ~~The parties will serve an initial set of interrogatories no later than June 15, 2012, with responses due no later than 30 days after receipt.~~

g.	Deadline for Requests for Production of Documents and/or Admissions:  **All written discovery must be served so that responses are due on or before the discovery cut-off.**

~~The parties will submit their requests for production of documents and admissions no later than June 15, 2012, with responses due no later than 30 days after receipt.~~

**10.  DATES FOR FURTHER CONFERENCES**

**Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6.  On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, the court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceedings.**

a.	~~An early neutral evaluation will be held on _____ at __o'clock __.m.~~
	~~( )	Pro se parties and attorneys only need be present.~~
	~~( )	Pro se parties, attorneys, and client representatives must be present.~~
	~~( )	Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____, 2012 outlining the facts and issues, as well as the strengths and weaknesses of their case.~~

b. ~~Status conferences will be held in this case at the following dates and times:~~

_____

_____.

c. A final pretrial conference will be held in this case on **January 10, 2013, at 1:30 p.m.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **January 3, 2013.** ~~seven (7) days before the final pretrial conference.~~

## 11. OTHER SCHEDULING MATTERS

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement: None

b. Anticipated length of trial and whether trial is to the court or jury: 3 day trial to a Jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

Dated May 15, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge


APPROVED:

s/ Martha A. Paluch   　　　　　　 s/ Philip W. Ogden
Assistant United States Attorney 　　　219 East Vermijo Avenue
1225 17th Street, Suite 700 　　　　　Colorado Springs, Colorado 80903
Denver, Colorado 80202 　　　　　　Telephone: (719) 635-8115
Telephone: (303) 454-0100 　　　　　E-mail: phil@coloradospringslaw.net
E-mail: martha.paluch@usdoj.gov 　　*Attorney for Claimant Mildred Brown*
*Attorney for Plaintiff*